IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GUMBERG ASSOCIATES - CHAPEL　　　)
SQUARE, WATERWORKS PHASE II,　　)
WGW ASSOCIATES, NORTHTOWNE　　　)　　　2:20-CV-01661-CCW
ASSOCIATES, and CANH ASSOCIATES,　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiffs,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
KEYBANK NATIONAL ASSOCIATION,　)
AND MIDLAND LOAN SERVICES,　　　)
WELLS FARGO BANK, N.A., DEUTSCHE　)
BANKTRUST CO. AMERICAS, and　　　)
GUMBERG B-NOTE HOLDER, LLC,　　　)
　　　　　　　　　　　　　　　　　　)

　　　　　　　　　Defendants.

## OPINION

Before the Court is Plaintiffs' Motion to Remand to State Court. ECF. No. 52. For the following reasons, Plaintiffs' Motion is granted.

### I.　　Background

Plaintiffs are the owners and operators of three large-scale shopping centers: Waterworks Mall in Pittsburgh, Pennsylvania; North Huntingdon Square in North Huntingdon, Pennsylvania; and Northtowne Mall in Defiance, Ohio (together, the "Shopping Centers"). Am. Compl., ECF No. 51, at ¶ 1. Plaintiffs entered into a commercial mortgage-backed securities loan (the "Loan Agreement") with JPMorgan Chase Bank, National Association and Colfin Coram Penn Retail Funding, LLC (the "Lenders") to fund the Shopping Centers. Mot. for Prelim. Inj., ECF No. 24, at 4; Am. Compl., ECF No. 51, at ¶ 9; *see* Loan Agree., Ex. A. to Am. Compl., ECF No. 51-1. Defendant Keybank National Association is the master servicer and Defendant Midland Loan

Services is the special servicer of the loan underlying the Loan Agreement (together, the "Servicers").  Reply Br. in Supp. of Mot. for Prelim. Inj., ECF No. 24, at 4–5;  Am. Compl., ECF No. 51, at ¶ 30–31.

Plaintiffs began this lawsuit by filing the Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania on October 23, 2020.  Compl., ECF No. 38 (redocketed by the Court as ECF No. 38 for docket clarity).  The Complaint, and later the Amended Complaint, ECF No. 51, alleges that Defendants harmed Plaintiffs by (1) initiating the "Cash Sweep Period"[1] under the Loan Agreement despite Plaintiffs' contention that they could cure the trigger event;  (2) failing to reimburse Plaintiffs for tenant construction costs under the Loan Agreement;  and (3) failing to approve certain leases in a timely fashion and in accordance with the terms of the Loan Agreement. *See* Compl., ECF No. 38, at ¶¶ 32–65;  Am. Compl., ECF No. 51, at ¶¶ 79–147.

On October 26, 2020, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction with the Allegheny County Court of Common Pleas, seeking to prevent the Servicers from starting the Cash Sweep Period.  Pls.' Mot. for Prelim. Inj., ECF No. 39, at 14.  On October 30, 2020, the Servicers removed the action to this Court.  Notice of Removal, ECF No. 1.

Both sides advised the Court that they did not seek discovery relating to the request for injunctive relief.  *See* ECF No. 36.  On November 30, 2020, the Court held an evidentiary hearing on the Plaintiffs' Motion for Preliminary Injunction.  *See* ECF No. 47.  The Court denied Plaintiffs' Motion for Preliminary Injunction the same day.  ECF No. 48.  The Court found that Plaintiffs were unlikely to succeed on the merits of a breach of contract claim against the Servicers, because

---

[1] The Cash Sweep Period is the period of time during which the Lenders retain the Plaintiffs' Excess Cash Flow as additional collateral for the Loan Agreement.  Loan Agree., ECF No. 51-1, at § 1 "Cash Sweep Period."  Several conditions, enumerated by the Loan Agreement, trigger the Cash Sweep Period.  *See e.g.*, Loan Agree., ECF No. 51-1, at § 1 "Cash Sweep Event."

the Servicers are not parties to the Loan Agreement;  rather, they acted as agents of the Lenders who were not named as defendants at that time.  *See id.* at ¶¶ 7, 65–72.

On December 8, 2020, eight days after the Court ruled on Plaintiffs' Motion for Preliminary Injunction, and 21 days after Defendant KeyBank and Defendant Midland Loan Services filed their motions to dismiss, ECF Nos. 26, 28, Plaintiffs filed an Amended Complaint that added the following Lenders and their Trustees as defendants: (1) the Registered Holders of JPMBB Commercial Mortgage Securities Trust 2014-C19 Commercial Mortgage Pass-Through Certificates, Series 2014-C19 (the "2014-C19 Trust");  (2) Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2014-C20 Commercial Mortgage Pass-Through Certificates, Series 2014-C20 (the "2014-C20 Trust");  (3) Gumberg B-Note Holder, LLC (the "B-Note Holder");  (4) Defendant Wells Fargo, as Trustee of the 2014-C19 Trust; and (5) Defendant Deutsche Bank, as the Trustee and current Holder of the A-2 Note.  *See generally*, Am. Compl., ECF No. 51. Plaintiffs averred that Defendant Wells Fargo is a national banking association domiciled in South Dakota;  Defendant Deutsche Bank is a New York corporation with a principal place of business in New York;  and the B-Note Holder is a limited liability company organized in Delaware.  *Id.* at ¶ 25.

The Amended Complaint alleges that Plaintiffs Gumberg Associates, Waterworks Phase II, WGW Associates, Northtowne Associates, and CANH Associates are limited partnerships whose general partner is a Delaware limited liability company that is owned entirely by Ira Gumberg, a Pennsylvania resident.  Am. Compl., ECF No. 51, at ¶ 14–18.  The Amended Complaint alleges that Jill Gumberg, a New York resident, is a partner in several of the Plaintiffs. *Id.* at ¶ 20.

Plaintiffs' Motion to Remand argues that because Jill Gumberg is a partner in several of the plaintiffs and she is a resident of New York, the partnerships of which she is a member are also New York residents. *See* Mot. to Remand, ECF No. 52, at ¶ 14. Plaintiffs claim that remand is required due to a lack of complete diversity, given that several of the plaintiffs as well as Deutsche Bank, Trust 2014-C20 and Trust 2014-C19 are all New York citizens. *See generally*, Mot. to Remand, ECF No. 52; Br. in Supp. of Mot. to Remand, ECF No. 53.

Defendants oppose remand, arguing that Deutsche Bank is a nominal party whom Plaintiffs fraudulently joined in an improper forum shopping expedition after the Court denied Plaintiffs' request for a preliminary injunction. Resp. to Pls.' Mot. to Remand, ECF No. 61 at 1; Joinder, ECF No. 62; Surreply in Resp. to Pls.' Mot. to Remand, ECF No. 74; Joinder, ECF No. 98.

## II.  Legal Standards

### A.  Diversity

Plaintiffs seek remand based on the citizenship of Defendant 2014-C19 Trust, Defendant 2014-C20 Trust, and Defendant Deutsche Bank as Trustee for the 2014-C20 Trust. *See* Br. in Supp. of Mot. to Remand, ECF No. 53, at 4. Defendant Deutsche Bank, the Trustee for the 2014-C20 Trust, is a New York corporation with a principal place of business in New York, New York. Am. Compl., ECF No. 51, at ¶ 27–28. Depending on the type of trust and the entity that was sued, a trust's citizenship is determined either by the citizenship of its trustee or the citizenship of its beneficiaries. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, (1980); *see also GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29 (3d Cir. 2018); *cf. Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S.Ct. 1012 (2016). Because Defendant Deutsche Bank, a New York corporation, is the Trustee for the Defendant 2014-C20 Trust, that was created under the laws of the State of New York, *see* Am. Compl., ECF No. 51, at ¶¶ 26–28, Plaintiff has destroyed complete diversity

by adding Deutsche Bank, regardless of whether the citizenship of the Trustee or the beneficiaries is controlling.

### B. Joinder

There is a split of authority among federal courts regarding the proper analytical framework to use when, as here, the plaintiff files an amended complaint as of right that adds a new non-diverse defendant after the case has been removed to federal court. Some courts apply 28 U.S.C. § 1447 and some apply a fraudulent joinder analysis. *See McDermott v. Careallies, Inc.*, 2:20-cv-03496-KSH-CLW, 2020 WL 7022749 (D.N.J. Nov. 30, 2020) (discussing the split of authority); *Sussman v. Capital One, N.A.*, No. 14-01945(FLW), 2014 WL 5437079 (D.N.J. Oct. 24, 2020) (same).

The friction occurs because Federal Rule of Civil Procedure 15(a) permits a plaintiff to amend a complaint "once as a matter of course," i.e, without leave of court, within 21 days of a Rule 12(b) motion. *See* Fed. R. Civ. P. 15(a)(1)(A)–(B). That is what Plaintiffs did in this case. Yet, 28 U.S.C. § 1447(e) states that "[if] after removal the plaintiff *seeks to join* additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) (emphasis added). Some courts consider "seeking to join" as akin to a motion, such that § 1447(e) only applies to a motion to join additional non-diverse parties, as opposed to an amendment as of right that does not require leave of court. *See e.g., Conover v. United Parcel Service*, Civil Action No. 06-1079(NLH), 2006 WL 3534157 (D.N.J. Dec. 7, 2006). Courts that decline to apply § 1447(e) following amendments of right under Rule 15(a) instead consider Federal Rule of Civil Procedure 20's joinder analysis to determine whether a plaintiff has fraudulently joined a non-diverse defendant after removal. *See e.g., City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F.Supp.2d

742, 754 n.2 (D.N.J. 2008); *O'Keefe v. Hess Corp*., 2010 U.S. Dist. LEXIS 90470, at *31 n.9 (D.N.J. Sept. 1, 2010); *Conover*, 2006 WL 3534157, at *5 n.3 (noting, albeit in dicta, that had the plaintiff amended the complaint as of right, the fraudulent joinder analysis would have applied; but, where the plaintiff filed a motion for leave to amend instead, the statutory analysis under § 1447(e) applied).  If the court determines that a non-diverse defendant has been joined fraudulently, the court then ignores the citizenship of that defendant and retains jurisdiction of the case. *Hogan v. Raymond Corp*., 536 Fed. Appx. 207, 210 (3d Cir. 2013).

"Most courts and commentators appear to embrace the applicability of Section 1447(e)" where a non-diverse defendant is joined as of right.  *Sussman*, No. 14-01945(FLW), 2014 WL 5437079, at *2 (unpubl.) (citing *Dillar v. Albertson's, Inc.*, 226 F.3d 642 (5th Cir. 2000);  *Mayes v. Rapoport*, 198 F.3d 457, 462 n.11 (4th Cir. 1999);  *McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F.Supp.2d 258, 261 (E.D.N.Y. 2009);  *Wallace v. Dolgen Midwest, LLC*, No. 5:12-cv-2945, 2014 WL 4338899 (N.D. Ohio Aug. 29, 2014);  *Mersmann v. Cont'l Airlines,* 335 F.Supp.2d 544, 556 (D.N.J. 2004);  and *Rule 15(a) Amendments and Removed Actions,* 6 Fed. Prac. & Proc. Civ. § 1477 (3d ed.);  *see also, Dotson v. Elite Oil Field Servs., Inc.*, 91 F.Supp.3d 865 (N.D. W.Va. 2015) (citing *Mayes*, 198 F.3d at 462, n.11));  *Randall Bevels v. Am. States Ins. Co.*, 100 F.Supp.2d 1309 (M.D. Ala. 2000);  Davis S. Casey, Jr. and Jeremy Robinson, 1 *Litigating Tort Cases* § 7:9 (Aug. 2020).  The Third Circuit has described the procedure in § 1447(e) as an "exception" to that general maxim that federal jurisdiction is determined at the time of removal and as a means for the court to "*permit* the destruction of subject matter jurisdiction."  *Kabakjian*, 267 F.3d at 212 (emphasis added).

Some procedural scholars recognize that discretion to permit an amendment under § 1447(e)

> exists even when the amendment of the complaint ordinarily would
> be "as a matter of course" under Federal Rule [of] Civil Procedure
> 15(a)(1).  Thus, under Section 1447(e), plaintiffs may deprive the
> federal court of jurisdiction by post-removal joinder of a non-
> diverse party, but only if the federal court permits this result by
> approving the joinder.

*E.g.,* Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3739.1 (Rev. 4th ed. 2020).  This court is

among those that have applied § 1447(e)'s analysis in this circumstance.  *See e.g., Pierchalski v.*

*Pryor*, Civil Action No. 2:19-cv-01352-RJC, 2020 U.S. Dist. LEXIS 187520, at *5 (W.D. Pa. Oct.

9, 2020) (Colville, J.);  *see also*, *Tompkins Ins. Agencies, Inc. v. Sumner*, Civil Action No. 16-

2217, 2016 U.S. Dist. LEXIS 78376 (E.D. Pa. June 15, 2016);  *Murphy v. United Fin. Cas. Co.*,

Civil Action No. 15-4199, 2015 U.S. Dist. LEXIS 184631 (E.D. Pa. Sept. 17, 2015).

### C.  28 U.S.C. § 1447(e) Factors

In deciding questions under § 1447(e), courts within the Third Circuit regularly apply the

factors set forth by the United States Court of Appeals for the Fifth Circuit in *Hensgens v. Deere*

*& Co*:

> (1) the extent to which the purpose of the amendment is to defeat
> federal jurisdiction;  (2) whether plaintiff has been dilatory in asking
> for amendment;  (3) whether plaintiff will be significantly injured if
> amendment is not allowed; and (4) any other factors bearing on the
> equities.

833 F.3d 1179,1182 (5th Cir. 1987), *accord City of Perth Amboy*, 539 F.Supp.2d at 752–53;  *see*

*e.g., Pierchalski*,  2020 U.S. Dist. LEXIS 187520, at *11.  Under the *Hensgens* factors, a request

to amend is dilatory if "the purpose of plaintiff's delay in seeking an amendment was to prolong

the litigation."  *Kahhan v. Mass. Cas. Ins. Co.*, Civil Action No. 01-1128, 2001 U.S. Dist. LEXIS

18561, at *2 (E.D. Pa. Nov. 14, 2001).  As to the fourth factor, courts consider judicial economy

and resources as a factor that bears on the equities.  *See e.g., Kahhan*, 2001 U.S. Dist. LEXIS

18561, at *9;  *see also*, *Taylor v. GGNSC Phila., L.P.*, Civil Action No, 14-7100, 2015 U.S. Dist. LEXIS 127255, at *22 (E.D. Pa. Sept. 23, 2015).

### D.  Fraudulent Joinder

Fraudulent joinder is an exception to the complete diversity requirement for diversity jurisdiction. *Morocco v. Hearst Stations, Inc.*, No. 2:16-cv-1083, 2016 U.S. Dist. LEXIS 112577, at *4 (W.D. Pa. Apr. 24, 2016).  Upon finding fraudulent joinder, a court can disregard the citizenship of the fraudulently-joined non-diverse parties, assume jurisdiction of the case, dismiss the non-diverse parties, and retain jurisdiction.  *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2016). Federal courts apply the fraudulent joinder standard of their own circuit's court of appeals.  *Weaver v. Am. Home Prods. Corp.*, 294 F.Supp.2d 667, 672 (E.D. Pa. 2003).  According to the Third Circuit, joinder is only fraudulent if there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment."[2] *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009).  "Whether the claims against the joined defendants are viable is, of course, a matter of state law."  *Weaver*, 294 F.Supp.2d at 672.

In deciding whether joinder is fraudulent, federal courts must assume that the factual allegations in the complaint were true at the time the complaint was filed.  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52.  But the court can look "beyond the face of the complaint" in

---

[2] Perhaps a misnomer, "[t]he 'fraudulent joinder' doctrine does not require a showing of fraud as the term is generally understood." *Selvaggi v. Prudential Prop. & Cas. Ins. Co.*, 871 F.Supp. 815, 818 (E.D. Pa. 1995).  Far from asserting that the joinder constitutes fraud in the literal or criminal sense, the term "fraudulent joinder" takes on a different and specific meaning:  "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Abels v. State Farm Fire & Cas. Ins. Co.*, 770 F.2d 26, 32 (3d Cir. 1985).

determining whether joinder was fraudulent. *In re Briscoe*, 448 F.3d 201, 219 (3d Cir. 2006); *Stewart v. Ethicon, Inc.*, Civil Action No. 19-4776, 2020 U.S. Dist. LEXIS 50271, at *13 (E.D. Pa. Mar. 19, 2020).   The party asserting that a joinder is fraudulent has a "heavy burden of persuasion" to prove that a plaintiff fraudulently joined a defendant. *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990).   Federal courts must also "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id.*

The timing of a party's amendment can be circumstantial evidence of that party's motive and purpose for joining a non-diverse defendant. *Davis v. Supervalu, Inc.*, Civil Action No. 14-6505, 2015 U.S. Dist. LEXIS 14668, at *7 (E.D. Pa. Feb. 5, 2015).   "When a plaintiff knows about a nondiverse defendant's potential liability at the time the complaint is originally filed but does not include that person as a party, subsequent attempts to join that person as a party will be viewed as an attempt to destroy diversity." *Davis*, 2015 U.S. Dist. LEXIS 14668, at *7 (quoting *Montalvo v. John Doe I*, No. 10-cv-2617, 2010 U.S. Dist. LEXIS 106143, at *3 (E.D. Pa. Oct. 5, 2013)).

## III.   Discussion

### A.  Statutory Analysis Under § 1447(e) Favors Remand to State Court

After considering the *Hensgens* factors, we conclude that they weigh in favor of permitting joinder and remanding the case to state court.

First, it does not appear that the purpose of amending the Complaint to join the Lenders was to defeat jurisdiction.   Plaintiffs brought their original Complaint against only the loan Servicers because they only interacted with the Servicers in connection with the loan agreement. *See* ECF No. 53, at 6.   However, the Court denied Plaintiffs' Motion for Preliminary Injunction, finding that they were unlikely to prevail against the Servicers on their breach of contract claims.

*See* Find. of Fact and Concl. of Law, ECF No. 48, at ¶ 65.  After the Court denied Plaintiffs' Motion for Preliminary Injunction, Plaintiffs then joined the Lenders.  *See* Am. Compl., ECF No. 51.  Had Plaintiffs sought to join the Lenders immediately after removal to federal court, such timing might suggest improper motive.  Instead, their amendment followed the Court's ruling on the preliminary injunction motion and ostensibly addresses a roadblock to their ultimate success in the case.  *See* Find. of Fact and Concl. of Law, ECF No. 48, at ¶ 65;  *Davis*, 2015 U.S. Dist. LEXIS 14668, at *8 (finding that plaintiff's predominant motive was not to avoid federal jurisdiction even though it joined the non-diverse plaintiff only nine days after removal because plaintiff stated that it did not know the identity of the non-diverse defendant before removal and "removal statues are to be strictly construed and all doubts should be resolved in favor of remand." (citation omitted)).

Second, Plaintiffs have not been dilatory in amending their Complaint.  Plaintiffs filed their Amended Complaint 46 days after their original Complaint, and 21 days after Defendants filed their Motions to Dismiss the Complaint—within the timeframe for filing an amendment as of right under Federal Rule of Civil Procedure 15(a).  *See* Compl., ECF No. 1;  Defs.' Mot. to Dismiss, ECF Nos. 26, 28;  Find. of Fact. and Concl. of Law, ECF No. 48;  Am. Compl., ECF No. 51.

Third, Plaintiffs are likely to be prejudiced if joinder is not allowed.  Federal Rule of Civil Procedure 15(a) recognizes the utility in permitting plaintiffs to amend the initial pleading after the defendant's first motion to dismiss, and it makes sense to afford Plaintiffs that opportunity here.  If Plaintiffs were to proceed in this action against only the Servicers for conduct performed as agents of the Lenders, that would create a risk of parallel litigation and a race to a judgment to bind the slower court through principles of collateral estoppel because the cases arise out of the same transactions and events.  *See Davis*, 2015 U.S. Dist. LEXIS 14468 at *8 (forcing the plaintiff

to litigate its claims in parallel fora when the claims arise out of the same events and center of the same facts prejudices the plaintiff); *see also*, *Kahhan v. Mass. Cas. Ins. Co.*, No. 01-cv-1128, 2001 U.S. Dist. LEXIS 18561, at *2 (E.D. Pa. Nov. 14, 2001).

Fourth, the equities favor remanding the case to proceed against the Servicers and Lenders together. The case is still in its early stages and remanding the case to state court streamlines the case, promotes judicial efficiency and prevents duplicative cases, resulting in less protracted litigation.

For these reasons, the *Hensgens* factors favor permitting Plaintiffs to join the Lenders and remanding the case to state court.

### B. Fraudulent Joinder Analysis

The Court's conclusion that remand is appropriate is the same under a fraudulent joinder analysis. Taking the allegations in the Amended Complaint as true, and resolving uncertainties in the controlling law in favor of Plaintiffs, Defendants have not met their heavy burden of persuasion to show that Plaintiff's amendment joining the Lenders was fraudulent.

#### 1. Colorable Claims Against Defendant Deutsche Bank

Plaintiffs claim that Defendants wronged them in at least five distinct ways, by: (1) unreasonably delaying approving commercial leases for the Shopping Centers; (2) initiating an Excess Cash Sweep after JC Penney left one of the Shopping Centers; (3) withholding funds for Plaintiffs to reimburse a tenant for tenant improvement expenses; (4) wiring Plaintiffs less than their full approved budgeted operating expenses in November 2020, and then attempting to recall that wire transfer; and (5) attempting to enforce a contractual guaranty against Ira Gumberg. *See generally*, Am. Compl., ECF No. 51.

11

A detailed review of the Amended Complaint and Loan Agreement reveals that Plaintiffs accuse the Agent, as defined by the Loan Agreement, of violating various contracts and harming Plaintiffs, but that Agent acted through its agents, the Servicers.  *See* Am. Compl., ECF No. 51, at ¶¶ 90, 108–112, 119, 125–147;  Loan Agree., ECF No. 51-1, at 3, §§, 2.7.2(a), 5.1.20, 7.4.1, 7.4.2, 7.5.1, 9.3;  *see also* Cash Management Agree., ECF No. 51-2, at § 3.4(a)–(l).  Those obligations fall to Defendant Wells Fargo, who, as the current A-1 Note Holder, is the Agent.  *See* Am. Compl., ECF No. 51, at ¶¶  24, 49.  However, Defendant Wells Fargo performed its obligations as Agent (and as Lenders' agent) through its agents, the Servicers.  *See* Loan Agree., ECF No. 51-1, § 10.27(a).

Plaintiffs' Amended Complaint also accuses all of the Defendants of breaching the Loan Agreement and committing tortious interference with business relationships.  *See* Am. Compl., ECF No. 51, at Counts I & II.  It is well-established that a principal can be held liable for its agent's torts and breaches of contracts that the agent carried out within the scope of its agency.  *See Banks v. Peace of Mind Realty*, 160829/2014, 2019 N.Y. Mics. LEXIS 4921, at *22–23 (N.Y. Sup. Ct. Sept. 6, 2019).  Therefore, it is possible that non-diverse Defendant Deutsche Bank could be held legally responsible to Plaintiffs if Agent breached a contract or committed a tort in the scope of its agency.

Under New York law, "[t]he essential elements of a cause of action to recover damages for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance pursuant to the contract, (3) the defendant's breach of its contractual obligations, and (4) damages resulting from the breach[.]"  *Junger v. John V. Dinan Assocs., Inc.*, 164 A.D.3d 1428, 1430 (N.Y. App. Div. 2018).  "To state a cause of action alleging tortious interference with contract, the plaintiff must allege:  the existence of a valid contract between it and a third party, the defendant's

knowledge of that contract, the defendant's intentional procurement of the third party's breach of that contract without justification, and damages. *106 N. Broadway, LLC v. Lawrence*, 2018-04389, 2020 N.Y. App. Div. LEXIS 7434, at *12–13 (N.Y. App. Div. Dec. 2, 2020).

After reviewing the Amended Complaint, the Court cannot say with certainty that there is no colorable ground for liability against Defendant Deutsche Bank, as the A-1 Note Holder and principal in relation to the Agent's performance of the functions of Agent under the Lon Agreement. Accordingly, a finding of fraudulent joinder is not appropriate on that basis.

### 2.  Plaintiffs' Intent to Pursue Claims Against Defendant Deutsche Bank Does Not Support Fraudulent Joinder

A finding of fraudulent joinder is also not appropriate because Defendants have not showed that Plaintiffs lack a good faith intent to prosecute the claims against and join Defendant Deutsche Bank in the judgment. The Court denied Plaintiff's Motion for Preliminary Injunction after finding that Plaintiffs were unlikely to succeed in their contract claims against Servicers because Lenders, not Servicers, were parties to the Loan Agreement. Find. of Fact and Concl. of Law, ECF No. 48, at ¶ 65. Eight days later, Plaintiffs filed an Amended Complaint which added the Lenders as defendants to remedy that perceived issue. Am. Compl., ECF No. 51.

It is true that "when a plaintiff knows about a nondiverse defendant's potential liability at the time the complaint is originally filed but does not include that person as a party, subsequent attempts to join that person as a party will be viewed as an attempt to destroy diversity." *Davis*, 2015 U.S. Dist. LEXIS 14668, at *7 (quoting *Montalvo v. John Doe I*, 2010 U.S. Dist. LEXIS 106143 at *3). Here, Plaintiffs only ever interacted with Servicers, not the Lenders, with respect to the Loan Agreement. *See* Reply in Supp. of Mot. to Remand, ECF No. 70, at 6. Because Plaintiff filed suit against the parties that it interacted with in regard to the Loan Agreement, and

then realized the utility of also suing the Servicers' principals after the Court pointed it out, the Court finds that Plaintiffs' joining the lenders in the Amended Complaint does not indicate a lack of good faith.  Because the Court finds that Deutsche Bank was not fraudulently joined, the Lenders are appropriately joined in this case and complete diversity no longer exists.  Therefore, remand is appropriate.

###    IV.    Conclusion

For the foregoing reasons, under both a § 1447(e) and a fraudulent joinder analysis, the Court finds that remand to the Allegheny County Court of Common Pleas is appropriate in this case.

An appropriate order will follow.

DATED this 10th day of February, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record